UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

KEYSHA S. PERRY,

                              Plaintiff,

      v.                                                **DECISION AND ORDER**
                                                                     04-CV-520S

JOANNE B. BARNHART,
COMMISSIONER OF SOCIAL SECURITY,

                              Defendant.

      1.      Plaintiff Keysha Perry challenges an Administrative Law Judge's ("ALJ") determination that she is not disabled within the meaning of the Social Security Act ("the Act"). Plaintiff alleges that she was disabled between October 26, 2001, and August 1, 2003, due to a bipolar disorder, depression, and post-traumatic stress disorder. Plaintiff contends that her impairment rendered her unable to work. She therefore asserts that she is entitled to payment of disability benefits under the Act.

      2.      Plaintiff filed an application for disability insurance benefits on September 14, 2002. Her application was denied initially and on reconsideration. On March 16, 2004, Plaintiff and her attorney appeared before an ALJ for a hearing that Plaintiff requested. The ALJ considered the case *de novo*, and on March 31, 2004, issued a decision denying Plaintiff's application for benefits. On June 3, 2004, the Appeals Council denied Plaintiff's request for review. Plaintiff filed the current civil action on July 19, 2004, challenging Defendant's final decision.[1]

---

[1] The ALJ's March 31, 2004 decision became the Commissioner's final decision in this case when the Appeals Council denied Plaintiff's request for review.

3. On January 24, 2005, both Plaintiff and Defendant filed Cross Motions for Judgment on the Pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. After full briefing, this Court deemed oral argument unnecessary and took the motions under advisement as of March 16, 2005.

4. A court reviewing a denial of disability benefits may not determine *de novo* whether an individual is disabled. See 42 U.S.C. § § 405(g), 1383(c)(3); Wagner v. Sec'y of Health and Human Servs., 906 F.2d 856, 860 (2d Cir. 1990). Rather, the Commissioner's determination will only be reversed if it is not supported by substantial evidence or there has been a legal error. See Grey v. Heckler, 721 F.2d 41, 46 (2d Cir. 1983); Marcus v. Califano, 615 F.2d 23, 27 (2d Cir. 1979). Substantial evidence is evidence that amounts to "more than a mere scintilla." Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427, 28 L. Ed. 2d 842 (1971). The term substantial evidence "means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Id. Where evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. See Rutherford v. Schweiker, 685 F.2d 60, 62 (2d Cir. 1982).

5. "To determine on appeal whether the ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining the evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." Williams on Behalf of Williams v. Bowen, 859 F.2d 255, 258 (2d Cir. 1988). If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]." Rosado v. Sullivan, 805 F. Supp. 147, 153 (S.D.N.Y. 1992).

In other words, this Court must afford the Commissioner's determination considerable deference, and will not substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a *de novo* review." Valente v. Sec'y of Health and Human Servs., 733 F.2d 1037, 1041 (2d Cir. 1984).

6. The Commissioner has established a five-step sequential evaluation process to determine whether an individual is disabled as defined under the Social Security Act. See 20 C.F.R. § § 404.1520, 416.920. The United States Supreme Court recognized the validity of this analysis in Bowen v. Yuckert, 482 U.S. 137, 140-142, 107 S. Ct. 2287, 2291, 96 L. Ed. 2d 119 (1987), and it remains the proper approach for analyzing whether a claimant is disabled.

7. This five-step process is detailed below:

First, the [Commissioner] considers whether the claimant is currently engaged in substantial gainful activity. If he is not, the [Commissioner] next considers whether the claimant has a "severe impairment" which significantly limits his physical or mental ability to do basic work activities. If the claimant suffers such an impairment, the third inquiry is whether, based solely on medical evidence, the claimant has an impairment which is listed in Appendix 1 of the regulations. If the claimant has such an impairment, the [Commissioner] will consider him disabled without considering vocational factors such as age, education, and work experience; the [Commissioner] presumes that a claimant who is afflicted with a "listed" impairment is unable to perform substantial gainful activity. Assuming the claimant does not have a listed impairment, the fourth inquiry is whether, despite the claimant's severe impairment, he has the residual functional capacity to perform his past work. Finally, if the claimant is unable to perform his past work, the [Commissioner] then determines whether there is other work which the claimant could perform.

Berry v. Schweiker, 675 F.2d 464, 467 (2d Cir. 1982) (per curiam) (quotations in original); see also Rosa v. Callahan, 168 F.3d 72, 77 (2d Cir. 1999); 20 C.F.R. § 404.1520.

8. While the claimant has the burden of proof as to the first four steps, the Commissioner has the burden of proof on the fifth and final step. See Bowen, 482 U.S. at

3

146 n.5; <u>Ferraris v. Heckler</u>, 728 F.2d 582, 584 (2d Cir. 1984). The final step of this inquiry is, in turn, divided into two parts. First, the Commissioner must assess the claimant's job qualifications by considering his physical ability, age, education and work experience. Second, the Commissioner must determine whether jobs exist in the national economy that a person having the claimant's qualifications could perform. See 42 U.S.C. § 423(d)(2)(A); 20 C.F.R. § 404.1520(f); <u>Heckler v. Campbell</u>, 461 U.S. 458, 460, 103 S. Ct. 1952, 1954, 76 L. Ed. 2d 66 (1983).

      9.      In this case, the ALJ made the following findings with regard to the five-step process set forth above: (1) Plaintiff has not engaged in substantial gainful activity since the alleged onset of her disability (R. at 18);[2] (2) Plaintiff's bipolar disorder, depression, and post traumatic stress disorder are "severe" within the meaning of the Act (R. at 19); (3) Plaintiff's impairments do not meet the criteria necessary for finding a disabling impairment under the regulations (R. at 19); (4) Plaintiff retained the residual functional capacity to perform heavy work, but is limited to routine and repetitive work, consisting of 1-2 step processes (R. at 19); and (5) Plaintiff's past relevant work as a cashier does not require the performance of work-related activities precluded by her residual functional capacity. (R. at 19.)

      10.      Plaintiff's first challenge to the ALJ's decision is that the ALJ failed to consider the opinion of one of her treating physicians, Dr. Kirsten Ahrens. In this regard, Plaintiff contends that the ALJ failed to properly apply the treating physician rule because he did not explain what weight, if any, he gave to Dr. Ahrens's medical opinion.

---

[2] Citations to the underlying administrative record are designated as "R."

4

11.  According to the "treating physician rule,"[3] the ALJ must give controlling weight to the treating physician's opinion when the opinion is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] record." 20 C.F.R. § 404.1527(d)(2); see also Green-Younger v. Barnhart, No. 02-6133, 2003 WL 21545097, at *6 (2d Cir. July 10, 2003); Shaw v. Chater, 221 F.3d 126, 134 (2d Cir. 2000).

12.  Even if a treating physician's opinion is deemed not to be deserving of controlling weight, an ALJ may nonetheless give it "extra weight" under certain circumstances.  Under 20 C.F.R. § 404.1527(d)(1)-(6), the ALJ should consider the following factors when determining the proper weight to afford the treating physician's opinion if it is not entitled to controlling weight: (1) length of the treatment relationship and the frequency of examination, (2) nature and extent of the treatment relationship, (3) supportability of opinion, (3) consistency, (4) specialization of treating physician, and (5) other factors that are brought to the attention of the court. See de Roman, 2003 WL 21511160, at *9 (citing 20 C.F.R. § 404.1527(d)(2)); see also Shaw, 221 F.3d at 134; Clark v. Comm'r of Soc. Sec., 143 F.3d 115, 118 (2d Cir. 1998).

13.  Dr. Ahrens's report is contained in the record. (R. at 234-267.) Plaintiff contends that Dr. Ahren's notes indicate that she was "high risk" and should "remain off work." (R. at 246.) However, it is clear from earlier notes that Dr. Ahren's opinion is not medical in nature, and was rather a response to the difficulties Plaintiff was having with mothering a newborn child. Previous records indicate that Plaintiff was encouraged to

---

[3] "The 'treating physician's rule' is a series of regulations set forth by the Commissioner in 20 C.F.R. § 404.1527 detailing the weight to be accorded a treating physician's opinion." de Roman v. Barnhart, No. 03-Civ.0075(RCC)(AJP), 2003 WL 21511160, at *9 (S.D.N.Y. July 2, 2003).

"hold off" on getting a job until she was settled into a domestic routine. (R. at 242.) As such, this is not the type of treating physician opinion that is entitled to deference under the treating physician rule.

14.     Having reviewed the evidence at issue, this Court detects no reversible error in the ALJ's treatment of Dr. Ahren's opinion. The ALJ discussed the medical records from Dr. Ahren and her staff and concluded that they did not fully support her claim of disability. (R. at 17.) Further supporting this Court's conclusion that Dr. Ahren's suggestion that Plaintiff "hold off" on getting a job was not a proper medical opinion is the fact that Dr. Ahren's opinion is not accompanied by any medically acceptable clinical or laboratory diagnostic techniques, and is inconsistent with other substantial evidence in the record. See 20 C.F.R. § 404.1527(d)(2). It therefore would not be entitled to deference. Finally, to the extent Dr. Ahren's opinion can be read as concluding that Plaintiff was disabled and therefore unable to work, it is well-settled that this is a determination reserved to the Commissioner, not a treating physician. See 20 C.F.R. § 404.1527 (conclusory statements made by doctors are not controlling because it is the Commissioner's task to determine whether an individual is disabled within the meaning of the Act).

15.     Plaintiff's second argument is that substantial evidence in the record does not support the ALJ's residual functional capacity assessment. In particular, Plaintiff argues that the ALJ was selective in those portions of the record that he chose to find persuasive. This Court has reviewed the ALJ's decision in light of Plaintiff's arguments and finds no error. The ALJ's residual functional capacity assessment is supported by Drs. Scarozza, Sharma and Dickinson. (R. at 163; 154-55; 167; 212.) Moreover, this assessment is supported by the two state agency physicians who concluded that Plaintiff retained the

ability to follow simple verbal directions and maintain focus on simple tasks in a low demand, low social contact environment. (R. at 190, 216.)  Consequently, this Court finds that the ALJ's residual functional capacity assessment is supported by substantial evidence in the record.

16.	Plaintiff's final argument is that the ALJ failed to adequately assess the mental demands of Plaintiff's past relevant work experience.  The burden, however, is on Plaintiff to prove through medical evidence that she suffers from an impairment that prevents her from performing her past relevant work.  See Diaz v. Shalala, 59 F.3d 307, 315 (2d Cir. 1995).  Here, Plaintiff failed to sustain her burden.  Plaintiff has not come forward with any persuasive evidence that she cannot return to her job as a cashier.  This Court finds that the ALJ's determination that Plaintiff could return to her former job as a cashier is consistent with his residual functional capacity assessment.

17.	After carefully examining the administrative record, this Court finds that substantial evidence supports the ALJ's decision in this case.  Specifically, the medical evidence and opinions contained in the record, in conjunction with Plaintiff's testimony, support the ALJ's determination.  Moreover, the ALJ thoroughly examined the record, giving appropriate weight to all of the medical evidence. (R. at 13-19.)  This Court finds no reversible error in the ALJ's overall weighing of the evidence presented, and finds that substantial evidence of record supports his decision  Accordingly, finding no reversible error and further finding that substantial evidence supports the ALJ's decision, Defendant's Motion for Judgment on the Pleadings is granted.  Plaintiff's motion seeking the same relief is denied.

IT HEREBY IS ORDERED, that Defendant's Motion for Judgment on the Pleadings (Docket No. 6) is GRANTED.

FURTHER, that Plaintiff's Motion for Judgment on the Pleadings (Docket No. 5) is DENIED.

FURTHER, that the Clerk of the Court is directed to take the necessary steps to close this case.

SO ORDERED.

Dated: September 16, 2005
      Buffalo, New York

                                        /s/William M. Skretny
                                        WILLIAM M. SKRETNY
                                      United States District Judge